UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____
)
RYAN SCHMALL,                          )
                                       )
                Plaintiff,             )
                                       )          2:16-cv-00073-RCJ-CWH
        vs.                            )
                                       )              ORDER
GOVERNMENT EMPLOYEES                   )
INSURANCE CO.,                         )
                                       )
                Defendant.             )
_____)

   This case arises out of a hit-and-run accident and an insurance company's alleged failure to pay a claim under an uninsured motorist policy.  Pending before the Court is a Motion to Dismiss or Stay (ECF Nos. 4, 8).  For the reasons given herein, the Court grants the motion in part.

I.  FACTS AND PROCEDURAL HISTORY

   On or about May 12, 2014 in Las Vegas, Nevada, an unknown driver negligently crashed into Plaintiff Ryan Schmall's vehicle, causing Plaintiff injuries, and fled the scene. (Compl. ¶¶ 5–8, ECF No. 1-1).  Plaintiff was insured under a policy issued by Defendant Government Employees Insurance Co. ("GEICO"), Policy No. 4260-13-58-86 (the "Policy"), which included uninsured/underinsured motorist coverage of $100,000 per person and $300,000 per incident. (*Id.* ¶¶ 9–10).  On or about May 16, 2014, Plaintiff informed Defendant of his intent to pursue a

claim under the Policy, and Defendant acknowledged receipt of the letter on or about May 19, 2014, confirming the Policy's limits of $100,000. (*Id.* ¶¶ 14–15).  On July 9, 2015, Plaintiff sent Defendant a letter demanding payment of the $100,000 limit based on past and future medical expenses totaling $214,663.62. (*Id.* ¶ 16).  Defendant acknowledged receipt of the demand on July 16, 2015, and on July 28, 2015 Defendant sent Plaintiff a letter requesting that he submit to an examination under oath, provide medical records related to a prior vehicle collision, submit to an independent medical examination, and provide verification of work history for the previous two years. (*Id.* ¶¶ 17–18).  Plaintiff complied with all of these requests. (*Id.* ¶ 19).  Still, Defendant has refused to pay benefits under the Policy. (*Id.* ¶ 22).

Plaintiff sued Defendant in this Court for breach of contract, insurance bad faith, violation of Nevada Revised Statutes section ("NRS") 686A.310(1)(b), (c), (e), (f), (n), and unjust enrichment.  Defendant has asked the Court to dismiss the insurance bad faith claim or to sever and stay the claim (and related discovery) until the breach of contract claim has been finally adjudicated.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the

defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows (assuming the allegations of fact are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

& Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

III.   **ANALYSIS**

The Court first rejects Defendant's primary argument that the bad faith claim is premature.  The Court agrees with Defendant that Plaintiff must prove the tortfeasor's liability and the extent of damages caused by him in order to succeed on the bad faith claim. *See Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993) ("We agree that an insured must demonstrate fault by the tortfeasor and the extent of damages before a claim for bad faith will lie.").  The Court disagrees with Defendant, however, that the bad faith claim is unripe before those things have been proved. *See id.* ("But, an insured is not required to obtain a judgment against the tortfeasor before he or she is entitled to receive proceeds under a UM policy.").

Nevada law permits a bad faith action to be brought in the same action in which a plaintiff proposes to establish liability of the tortfeasor and damages.  Most of the cases Defendant cites from other jurisdictions concern unremarkable holdings that there can be no bad

faith denial of coverage where there is in fact no coverage.  Defendant does not dispute coverage here.  Defendant cites to Nevada cases, as well, but those cases do not support its position.  It is true that in *Pulley v. Preferred Risk Mut. Ins. Co.*, 897 P.2d 1101 (Nev. 1995) the bad faith action did not accrue until after the underlying breach of contract was proved, but that was only because the insurer's bad faith in that case consisted of its failure to pay an arbitration award as to the breach of contract. *See id.* at 856–59 (ruling that res judicata did not bar the later bad faith claim because the facts underlying the bad faith did not occur until after the first action for breach of contract had been determined).  In the present case, as is typical, Plaintiff alleges that the bad faith occurred in conjunction with the breach of contract.  Although Defendant heavily relies on a case in which another judge of this District anticipated that a bad faith action could not be brought until the underlying breach issue had been fully resolved, *see Martin v. State Farm Mut. Auto. Ins. Co.*, 960 F. Supp. 223 (D. Nev. 1997) (Pro, J.), Defendant fails to cite a later case by the same judge reversing course in light of an intervening ruling by the Nevada Supreme Court as to the directed verdict rule and a closer examination of *Pemberton* and *Pulley*:

> Since this Court's ruling in *Martin*, the Nevada Supreme Court has held that a plaintiff need not establish he is entitled to a directed verdict on the contractual claim to establish a prima facie bad faith claim. *Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 969 P.2d 949, 955 n.2 (1999). In so holding, the Nevada Supreme Court expressly declined to adopt the directed verdict rule articulated in *Dutton*. *Id.* This intervening authority undermines the persuasive authority of *Martin*, and [has] prompted this Court to review *Martin* in its entirety.
>
> In . . . *Martin*, this Court cited *Pemberton* for the proposition that a plaintiff may establish "legal entitlement" in three ways: (1) settlement or arbitration with the insurer; (2) settlement with the uninsured motorist; or (3) by filing a lawsuit against the insurance company. *Martin*, 960 F. Supp. at 236. However, Nevada law has not expressly approved any of these methods to establish legal entitlement. *Pemberton*, which discusses *Allstate Ins. Co. v. Pietrosh*, 85 Nev. 310, 454 P.2d 106, 110 (1969), merely provided what options are available for an insured who is legally entitled to recover damages from the owner or operator of an uninsured vehicle. *Pemberton*, 858 P.2d at 384.  It did not

affirmatively require, as a matter of law, that these are the only ways a plaintiff must establish legal entitlement.

Second, *Martin* cited *Pulley v. Preferred Risk Mut. Ins. Co.*, 111 Nev. 856, 897 P.2d 1101 (1995) for the notion that "the transaction giving rise to a bad faith tort action does not occur until after the first case for benefits under the contract has been settled." *Martin*, 960 F. Supp. at 237. In *Pulley*, the facts upon which the bad faith claim was based did not occur until after the coverage claim was resolved. *Pulley*, 897 P.2d at 1101. To thereafter substitute the verb "does" for "did" in the passages alters its meaning from a statement of operative fact to a rule of law.

This Court therefore finds that Nevada law does not require Plaintiffs to establish tortfeasor liability or the extent of damages as a matter of law prior to instituting a claim for bad faith. To find otherwise would require Plaintiffs to commence two separate suits even if the facts establish that Maryland Casualty breached the insurance contract and acted in bad faith within the same factual sequence. This would result in a waste of judicial resources when the parties otherwise could conduct discovery on both issues simultaneously. This finding does not contravene the well-accepted notion that a finding that Maryland Casualty did not breach the insurance contract would preclude Plaintiffs' recovery for bad faith. Plaintiffs are required to allege only that the tortfeasor was uninsured, the extent of damages, and that Maryland Casualty failed to act in good faith when it refused to compensate the Plaintiffs. Plaintiffs have satisfied this requirement in their Complaint. Plaintiffs' Complaint alleges that the accident occurred due to the actions of an uninsured motorist, that the damages exceeded the limits of the UIM policy, and that Maryland Casualty refused to pay the claim absent any reasonable basis. Plaintiffs thus have stated a claim for bad faith. (*See* Compl. ¶¶ 6-10.)

*Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1006–07 (D. Nev. 2005) (Pro., C.J.). The present case presents the same fact pattern as *Drennan*, and the Court agrees fully with Judge Pro's analysis, having come to the same conclusion independently in this case and other similar cases. The Court will therefore not dismiss, sever, or stay the bad faith claim based on prematurity.

Second, however, the Court accepts Defendant's argument that the Complaint does not make the insurance bad faith claim plausible, and the Court therefore dismisses it, with leave to amend. According to the Complaint, Plaintiff first demanded payment of a particular amount

($100,000) on July 9, 2015. (Compl. ¶ 16).  On July 28, 2015 Defendant sent Plaintiff a letter requesting that he submit to an examination under oath, provide medical records concerning a prior vehicle collision, submit to an independent medical examination, and provide verification of work history for the previous two years. (*Id.* ¶¶ 17–18).  The Complaint was filed on December 1, 2015.  The Court agrees that Plaintiff has not alleged facts making bad faith plausible.  He alleges that he complied with Defendants' requests, but he does not allege that the information he provided supported his claim.  It may be that the information he provided tended to indicate his injuries were preexisting.  It may also be the case that the statement of having complied with all of the requests is conclusory or rhetorical.  Plaintiff must allege the dates he complied with the request for an examination under oath, provided medical records concerning his prior vehicle collision, etc., as well as the dates of any communication from Defendant denying the claim or requesting more information, before the Court can determine that Plaintiff has made out a plausible claim of insurance bad faith.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss or Stay (ECF Nos. 4, 8) is GRANTED IN PART.  The bad faith claim is dismissed, with leave to amend.

IT IS SO ORDERED.

DATED: This 8th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge