UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYAN SCHMALL, <br><br> Plaintiff, <br><br> vs. <br><br> GOVERNMENT EMPLOYEES INSURANCE CO., <br><br> Defendant. | 2:16-cv-00073-RCJ-CWH <br><br> **ORDER** |

This case arises out of a hit-and-run accident and an insurance company's alleged failure to pay a claim under an uninsured motorist policy. Pending before the Court is a Motion to Dismiss (ECF No. 17). The Court grants the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

On or about May 12, 2014 in Las Vegas, Nevada, an unknown driver rear-ended Plaintiff Ryan Schmall's vehicle, causing Plaintiff injuries, and fled the scene. (Am. Compl. ¶¶ 5–7, ECF No. 15). Plaintiff was insured under a policy issued by Defendant Government Employees Insurance Co. ("GEICO"), Policy No. 4260-13-58-86 (the "Policy"), which included uninsured/underinsured motorist coverage of $100,000 per person and $300,000 per incident. (*Id.* ¶¶ 9–10).

Four days later on or about May 16 Plaintiff informed Defendant of his intent to pursue a claim under the Policy, and Defendant acknowledged receipt of the letter three days later on or about May 19, confirming the Policy's limits of $100,000. (*Id.* ¶¶ 14–15). Fourteen months later on July 9, 2015 Plaintiff sent Defendant a letter demanding payment of the $100,000 limit based on past and future medical expenses totaling $214,663.62. (*Id.* ¶ 16). One week later on July 16 Defendant acknowledged receipt of the demand, and two weeks thereafter on July 28 Defendant sent Plaintiff a letter requesting that he submit to an examination under oath ("EUO"), provide medical records related to a prior vehicle collision, submit to an independent medical examination ("IME"), and provide verification of work history for the previous two years. (*Id.* ¶¶ 17–18). Two weeks later on August 13 Defendant's counsel contacted Plaintiff and again requested the prior medical records, IME authorization, and work history, indicating that an EUO would be scheduled after those items were received. (*Id.* ¶ 20). Plaintiff complied six weeks later on or about September 24. (*Id.* ¶ 21). One week later on October 1 Defendant scheduled the IME for October 23, which Plaintiff submitted to. (*Id.* ¶¶ 22–23). One week later on October 30 Defendant sent Plaintiff a copy of the IME report and indicated it would adhere to Dr. Wang's recommendations that only the "initial conservative treatments immediately following the incident to a soft tissue strain" had been caused by the accident. (*See id.* ¶ 25). One week later on November 9 Plaintiff asked Defendant to further explain the evaluation, specifically, the value of the claim, whether Defendant agreed with Dr. Wang, and how many cases Defendant sent to Dr. Wang per year. (*Id.* ¶ 26). Two days later on November 11 Defendant indicated it would be able to complete the investigation after Plaintiff's EUO and claimed not to know exactly how many cases it had referred to Dr. Wang. (*Id.* ¶ 27). Two days later on November 13 Plaintiff submitted to the EUO. (*Id.* ¶ 28). Two weeks later on November 24 Defendant sent

Plaintiff a letter indicating it had submitted additional information to Dr. Wang and further requesting Plaintiff's cell phone records (which Plaintiff alleges he had already provided). (*Id.* ¶ 29).

Plaintiff filed suit in state court one week later on December 1 for breach of contract, insurance bad faith, violation of Nevada Revised Statutes section ("NRS") 686A.310(1)(b), (c), (e), (f), (n), and unjust enrichment. Defendant removed and moved to dismiss the extra-contractual claims or to sever and stay them until the breach of contract claim had been finally adjudicated. The Court denied the motion on the basis of prematurity but dismissed the extra-contractual claims, with leave to amend, for failure to state a claim. Plaintiff has filed the Amended Complaint ("AC"), and Defendant has again moved to dismiss the extra-contractual claims for failure to state a claim.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in

the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows (assuming the allegations of fact are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

The Court will dismiss the bad faith claim.  There is no allegation tending to show that Defendant failed to pay a claim where its liability therefor had become reasonably clear. Plaintiff first made his policy limits demand on July 9, 2015, fourteen months after notifying Defendant that he intended to pursue a claim related to the accident.  Defendant acknowledged the receipt of the demand within one week and requested further information within three weeks. When Plaintiff did not acknowledge the request for two weeks, Defendant's counsel then contacted him again.  Six weeks thereafter, Plaintiff complied with the request.  One week later, Defendant scheduled the IME for three weeks in the future.  One week after the IME, Defendant sent Plaintiff a copy of the IME report and indicated it would adhere to Dr. Wang's recommendations therein that only the "initial conservative treatments immediately following the incident to a soft tissue strain" had been caused by the accident at issue. One week later, Plaintiff asked Defendant to further explain the evaluation, specifically, the value of the claim, whether Defendant agreed with Dr. Wang, and how many cases Defendant sent to Dr. Wang per year. Two days later, Defendant responded that it would be able to complete the investigation after Plaintiff's EUO and claimed not to know exactly how many cases it had referred to Dr. Wang.

Two days later, Plaintiff submitted to the EUO.  Two weeks later, Defendant sent Plaintiff a letter indicating they had submitted additional information to Dr. Wang and further requesting Plaintiff's cell phone records (which Plaintiff claims he had already provided).  Plaintiff filed suit one week later on December 1.

Under these circumstances, the Court finds that no bad faith has been plausibly alleged.  Notably, Plaintiff does not allege that Defendant admitted or should have been able to tell from Dr. Wang's independent evaluation that Plaintiff's injuries were in fact caused by the May 2014 accident and not the prior accident.  To the contrary, Plaintiff affirmatively alleges that Dr. Wang opined that only certain soft tissue damage had been caused by the May 2014 accident.  The use of an independent medical expert to review a case is an indication of good faith. *See Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-cv-1065, 2013 WL 3109381, at *4 (D. Nev. June 17, 2013) (Gordon, J.) ("In light of Hartford's hiring of a medical expert to review and affirm the findings of its adjusters, the court cannot reasonably infer the subjective element of bad faith."). Plaintiff has not alleged that Dr. Wang is biased or otherwise interested in the matter.  Here, not only did Defendant utilize a medical expert to review the case, it submitted additional information to him for further evaluation (presumably, a transcript of the EUO Plaintiff had submitted to three weeks before filing suit) after he had already opined that most of Plaintiff's injuries had not been caused by the covered accident.

Next, the Court will dismiss the claims under NRS 686A.310(1).  First, Defendant is not properly alleged to have failed to acknowledge and act reasonably promptly under subsection (1)(b).  The allegations recounted above indicate that Defendant responded to Plaintiff's communications within two days to four weeks.  All responses except the initial four-week response requesting additional information after Plaintiff's initial demand were between two and

seven days.  Second, Plaintiff makes no allegations concerning Defendant's adoption or implementation of reasonable standards for claim processing, other than to recite subsection (1)(c).  Third, Defendant is not properly alleged to have failed to affirm or deny coverage within a reasonable time after proof of loss was submitted under subsection (1)(d).  To the contrary, Defendant is affirmatively alleged to have acknowledged coverage, which is different from acknowledging liability, *see Page v. Ins. Co. of N. Am.*, 64 Cal. Rptr. 89, 94 (Ct. App. 1967); 24 Eric Mills Holmes, *Appleman on Insurance* § 147.4, at 49 (2d ed. 2004), within one week of the initial claim.  Even as to liability, Plaintiff filed suit just three weeks after submitting to the EUO and while Dr. Wang was still considering additional information.  At that point, Defendant had already indicated its intent to deny liability based on Dr. Wang's IME but was awaiting his opinion based on additional information and considering the EUO.  Fourth, as noted above, liability never became reasonably clear under the allegations of the AC, so no claim under subsection (1)(e) lies.  Fifth, as the Court has noted in other cases, a claim that a plaintiff has been made to institute litigation under subsection (1)(f) appears to be a fee-shifting provision depending on the success of other underlying claims and is better characterized as a remedy.  The Court dismisses the claim insofar as it is meant to be stated as an independent cause of action but will not rule that a remedy under this provision is unavailable if Plaintiff were to prevail on the surviving breach of contract claim.  Sixth, the claim under subsection (1)(g) fails because no attempt by Defendant to settle the claim is alleged, so there can have been no attempt to settle the claim for less than a reasonable person would believe he were entitled.

Next, the Court dismisses the unjust enrichment claim.  As Defendant correctly notes, "[u]njust enrichment is an equitable substitute for a contract, and an action for unjust enrichment therefore cannot lie where there is an express written agreement." *WMCV Phase 3 LLC v.*

*Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1196 (D. Nev. 2010) (Navarro, J.) (citing *Leasepartners Corp. Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (citing *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977); 66 Am. Jur. 2d Restitution §§ 6, 11 (1973))).  The parties do not appear to dispute that a written contract, i.e., the Policy, governs their relationship.  Plaintiff so alleges in the general allegations and under each separate cause of action, including the cause of action for unjust enrichment itself. (*See* Am. Compl. ¶¶ 10, 54, 63, 73, 85).

Finally, the Court rejects the argument that the present motion is improper under Rule 12(g)(2) as a successive motion.  The previous motion to dismiss was brought against the Complaint, but the present motion is brought against the AC.  Defendant of course had no opportunity to attack the AC for sufficiency before it was filed.  For that reason, Rule 12(g)(2) does not prevent a motion to dismiss for failure to state a claim as against pleadings that have been amended since a previous similar motion was made, otherwise an amended pleading would be immune from attack under Rule 12(b)(6).  *See, e.g.*, *In re Sony Grand WEGA KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1098 (S.D. Cal. 2010).  Anyway, as the Second Circuit has noted, Rule 12(h)(2) exempts failure-to-state-a-claim defenses from Rule 12(g)'s consolidation requirement generally. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF Nos. 17) is GRANTED.

IT IS SO ORDERED.

DATED: This 6th day of May, 2016.

_____
ROBERT C. JONES
United States District Judge