# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RYAN SCHMALL,

    Plaintiff,

vs.

GOVERNMENT EMPLOYEES INSURANCE CO.,

    Defendant.

2:16-cv-00073-RCJ-CWH

**ORDER**

This case arises out of a hit-and-run accident and an insurance company's alleged failure to pay a claim under an uninsured motorist policy. On or about May 12, 2014 in Las Vegas, Nevada, an unknown driver rear-ended Plaintiff Ryan Schmall's vehicle, causing Plaintiff injuries, and fled the scene. (Am. Compl. ¶¶ 5–7, ECF No. 15). Plaintiff was insured under a policy issued by Defendant Government Employees Insurance Co. ("GEICO"), Policy No. 4260-13-58-86 (the "Policy"), which included uninsured/underinsured motorist coverage of $100,000 per person and $300,000 per incident. (*Id.* ¶¶ 9–10).

Four days later on or about May 16 Plaintiff informed Defendant of his intent to pursue a claim under the Policy, and Defendant acknowledged receipt of the letter three days later on or about May 19, confirming the Policy's limits of $100,000. (*Id.* ¶¶ 14–15). Fourteen months later on July 9, 2015 Plaintiff sent Defendant a letter demanding payment of the $100,000 limit based

on past and future medical expenses totaling $214,663.62. (*Id.* ¶ 16).  One week later on July 16 Defendant acknowledged receipt of the demand, and two weeks thereafter on July 28 Defendant sent Plaintiff a letter requesting that he submit to an examination under oath ("EUO"), provide medical records related to a prior vehicle collision, submit to an independent medical examination ("IME"), and provide verification of work history for the previous two years. (*Id.* ¶¶ 17–18).  Two weeks later on August 13 Defendant's counsel contacted Plaintiff and again requested the prior medical records, IME authorization, and work history, indicating that an EUO would be scheduled after those items were received. (*Id.* ¶ 20).  Plaintiff complied six weeks later on or about September 24. (*Id.* ¶ 21).  One week later on October 1 Defendant scheduled the IME for October 23, which Plaintiff submitted to. (*Id.* ¶¶ 22–23).  One week later on October 30 Defendant sent Plaintiff a copy of the IME report and indicated it would adhere to Dr. Wang's recommendations that only the "initial conservative treatments immediately following the incident to a soft tissue strain" had been caused by the accident. (*See id.* ¶ 25).  One week later on November 9 Plaintiff asked Defendant to further explain the evaluation, specifically, the value of the claim, whether Defendant agreed with Dr. Wang, and how many cases Defendant sent to Dr. Wang per year. (*Id.* ¶ 26).  Two days later on November 11 Defendant indicated it would be able to complete the investigation after Plaintiff's EUO and claimed not to know exactly how many cases it had referred to Dr. Wang. (*Id.* ¶ 27).  Two days later on November 13 Plaintiff submitted to the EUO. (*Id.* ¶ 28).  Two weeks later on November 24 Defendant sent Plaintiff a letter indicating it had submitted additional information to Dr. Wang and further requesting Plaintiff's cell phone records (which Plaintiff alleges he had already provided). (*Id.* ¶ 29).

1    Plaintiff filed suit in state court one week later on December 1 for breach of contract,
2  insurance bad faith, violation of Nevada Revised Statutes section ("NRS") 686A.310(1)(b), (c),
3  (e), (f), (n), and unjust enrichment.  Defendant removed and moved to dismiss the extra-
4  contractual claims or to sever and stay them until the breach of contract claim had been finally
5  adjudicated.  The Court denied the motion on the basis of prematurity but dismissed the extra-
6  contractual claims, with leave to amend, for failure to state a claim.  Plaintiff filed the Amended
7  Complaint ("AC"), and Defendant again moved to dismiss the extra-contractual claims for
8  failure to state a claim.  The Court granted the motion.

9    Plaintiff has asked the Court to reconsider.  The Court declines to reconsider.  The
10 motion identifies no basis under Rule 60(b) to reconsider but reargues the previous motion.  As
11 noted in the dismissal order, Plaintiff filed suit one week after Defendant wrote to Plaintiff
12 noting that Defendant had submitted additional information to Dr. Wang.  At that time,
13 Defendant had already denied the claim a month earlier by indicating that it would adhere to Dr.
14 Wang's opinion that only certain soft tissue injury had been caused by the accident at issue.
15 There is no non-conclusory allegation in the AC indicating that Defendant's liability had become
16 reasonably clear.  Dr. Wang's contrary opinion as to the alleged liability is enough to prevent a
17 bad faith claim.  And Defendant was not required to make any additional settlement offer above
18 its estimation of the value of the claim lest it commit bad faith.  It is not bad faith to refuse to
19 offer more to an insured than an insurer's good faith investigation indicates the claim is worth.
20 As noted in the previous order, there was no unreasonable delay supporting a bad faith claim
21 during the pre-suit period, and it is not bad faith to fail to make a settlement offer as to a
22 subsequent lawsuit itself, so the time between December 1, 2015 and today is simply not relevant
23 to the bad faith issue.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF Nos. 21) is DENIED.

IT IS SO ORDERED.

Dated this 7th day of September, 2016.

                                           ROBERT C. JONES
                                        United States District Judge